

FILED

MAY 2 0 2009

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| CURTIS SULLIVAN, | ) | CV 09-06-H-DWM-RKS |
| | ) | CV 09-18-H-DWM-RKS |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| MIKE MAHONEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Curtis Sullivan brought two actions pursuant to 42 U.S.C. § 1983

alleging that state officials violated the Eighth Amendment by denying him

treatment for Hepatitis C and other ailments. Pursuant to 28 U.S.C. § 636(b), the

matter was referred to Magistrate Judge Strong. Because the complaints make

similar claims and raise the same issues, Judge Strong consolidated them, and on

April 14, 2009, issued Findings and Recommendation. Judge Strong

1

recommended that Sullivan's complaint be dismissed with prejudice and a strike

assessed against him.  Sullivan timely objected to the Findings and

Recommendation on May 12, 2009, and is therefore entitled to *de novo* review of

the record.  28 U.S.C. § 636(b)(1).  Sullivan's objections do not raise a doubt as to

the correctness of the Findings and Recommendations, and I agree with Judge

Strong's analysis and conclusion.  Because the parties are familiar with the factual

and procedural background, it will not be restated here.

I

Sullivan's complaints alleged that Defendants violate the Eighth

Amendment because they are deliberately indifferent to his need for medical

treatment.  Specifically, Sullivan claims Defendants denied him prompt and

adequate medical care.  The record shows that Sullivan requested a "visit to a

gastronologist and/or hepatologist" and the latest available treatments, including a

liver transplant, and he requested a "declaration of termanil [sic] illness."

Judge Strong concluded that Sullivan's complaints failed to describe what

specific actions Defendants took to violate his rights.  Sullivan simply alleged that

prison officials refused to provide him with the treatment he proposed.  Because a

mere disagreement about treatment is insufficient to establish deliberate

indifference to a prisoner's serious medical condition, Judge Strong concluded

2

that Sullivan's complaint failed to state a claim and recommended dismissing it
and assessing a strike against Sullivan pursuant to 28 U.S.C. § 1915(g).

## II

In his objection, Sullivan states that he needs an "expert, a
gastroenternoligst [sic] with up to date information, skill, anti-viral (new)
medicine "cutting edge." He states that he has been offered no curative treatment
since 2003 when medical malpractice caused him a near death experience. He
claims he is in pain and suffers from side effects of prescription medication. He
states Defendants are deliberately indifferent in violation of the principle
announced in Estelle v. Gambel, 429 U.S. 97 (1976).

Sullivan's objections do not address the Findings and Recommendation, and
the repetition of his allegations does not alter their correctness. After *de novo*
review of the record, the Court concludes that the Findings and Recommendation
accurately state the facts and correctly apply the law to them.

## III

In accordance with the foregoing,

IT IS HEREBY ORDERED that the Findings and Recommendation (dkt #
8) are adopted in full;

IT IS FURTHER ORDERED that Plaintiff's claims brought pursuant to 42

3

U.S.C. § 1983 are DISMISSED WITH PREJUDICE, and the Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure;

IT IS FURTHER ORDERED that pursuant to 28 U.S.C. § 1367(c)(3) the Court declines to exercise supplemental jurisdiction over the state law claims and they are DISMISSED WITHOUT PREJUDICE; Plaintiff is advised that pursuant to 28 U.S.C. § 1367(c)(3) he must file his state law claims in state court within thirty (30) days of the date of entry of judgment in this Court;

IT IS FURTHER ORDERED that the docket shall reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because the complaint fails to state a claim for which relief can be granted;

IT IS FURTHER ORDERED that the docket shall reflect that the Court certifies pursuant to Fed.R.App.P. 24 (a)(3)(A) that any appeal of this decision would not be taken in good faith.

Dated this _20_ day of May, 2009.

Donald W. Molloy, District Judge
United States District Court

4